IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JAY D. TARLTON, )
)
       Plaintiff, )
)
vs. )
) Case No.    CIV-05-1439-HE
JO ANNE B. BARNHART, )
**Commissioner of the Social** )
**Security Administration,** )
)
       Defendant. )

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

    Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings.**

## PROCEDURAL HISTORY

    Plaintiff filed his application for DIB on September 21, 1993 alleging a disability since January 26, 1993 (TR. 34-37). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 38, 44). Pursuant to the Plaintiff's request, a hearing *de novo* was held before an Administrative Law Judge (ALJ) on January 26, 1995 (TR. 490-517). The ALJ issued an unfavorable decision, but the Appeals Council remanded the case and a supplemental hearing was held on August 20, 1996 (TR. 217-219, 518-548). Following the supplemental hearing, the ALJ issued a partially favorable decision which granted benefits beginning July 3, 1996 (TR. 272-275). Thereafter, the Appeals Council again remanded the case for further administrative development (TR. 296-297). A second supplemental hearing was held on

October 16, 2002 which resulted in an unfavorable decision by the ALJ and yet another remand by the Appeals Council (TR. 549-574, 435-444, 450-453). A third supplemental hearing was held on September 13, 2004 (TR. 575-603). At the hearing, the Plaintiff appeared in person with his attorney and offered his testimony in support of the application (TR. 578-594). A vocational expert (VE) testified at the request of the ALJ (TR. 594-599). The ALJ issued his decision on November 23, 2004 finding that Plaintiff was not disabled from March 31, 1994 to July 3, 1996 and was therefore not entitled to DIB for that closed period (TR. 18-23). The Appeals Council denied the Plaintiff's request for review on October 11, 2005, and thus, the decision of the ALJ became the final decision of the Commissioner. (TR. 9-11).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process

continued (TR. 22). At step two, the ALJ concluded that Plaintiff's status post laminectomy was a severe impairment (TR. 22). At step three, the ALJ found that from January 26, 1993 until March 31, 1994 Plaintiff met Listed Impairment 1.04A; but that since March 31, 1994,[1] Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 22). At step four, the ALJ found that Plaintiff lacked the residual functional capacity (RFC) to perform his past relevant work (PRW) (TR. 22).

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ found that Plaintiff retained the RFC to perform a wide range of sedentary work from March 31, 1994 to July 3, 1996 (TR. 22). The ALJ used vocational rule 201.28 as a framework for decision making and considered the testimony of the VE and determined there were other jobs existing in significant numbers in the national economy which Plaintiff could perform (TR. 22, 21). Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB for the closed period from March 31, 1994 to July 3, 1996 (TR. 22, 21).

On appeal to this Court, Plaintiff alleges the following: (I) That the ALJ erred by failing to use the analysis technique described on the PRT form with respect to Plaintiff's mental impairments in the record; (II) that the Plaintiff's RFC is not supported by substantial evidence of record as a whole because it does not include non-exertional limitations due to Plaintiff's depression; (III) that the ALJ failed to apply the correct legal standard in evaluating the opinion of the treating physician; and (IV) the ALJ erred by relying on vocational testimony that was at significant variance from the

---

[1] The ALJ noted in his decision that "Claimant was found disabled on July 3, 1996 due to his depression, rather than as a result of his back injury (TR. 19). Specifically, by decision dated June 27, 1997 the ALJ found Plaintiff disabled at step three under Listing 12.04 (Affective Disorders) (TR. 275).

Dictionary of Occupational Titles and the ALJ otherwise failed to demonstrate at step five that the Plaintiff could perform a substantial number of jobs in the regional economy.

MEDICAL EVIDENCE OF MENTAL IMPAIRMENT

Plaintiff was examined by Phillip J. Knight, M.D., in January 1994 (TR. 140-141). Dr. Knight was of the opinion that Plaintiff had suffered an injury to his back and right shoulder "with additional psychological overlay from an accident on January 26, 1993" (TR. 141). After an October 1995 examination, Dr. Knight stated in evaluating Plaintiff's "psychological overlay" that "it appears that the patient has problems with activities of daily living, (illegible), concentration and repetition of tasks" (TR. 214). Dr. Knight rated Plaintiff, in a worker's compensation context, as having a "10% whole man impairment for psychological overlay which interferes with daily activities and resultant of the chronic pain from the on-the-job injuries above-described" (TR. 214). During the relevant period, Plaintiff was treated with the antidepressants, Amitriptyline, Doxepin, and Effexor (TR. 386-388, 229, 230).

On July 3, 1996 underwent a psychological evaluation performed by R. Keith Green, Ph.D. (psychologist), who observed that Plaintiff "maintains an angry, resentful mood throughout the evaluation and generally seems, in addition, to be rather cheerless and grim"; and that he was "quite distrustful of healthcare providers" (TR. 235). Dr. Green found "evidence of a mood disorder marked by insomnia, loss of libido, fluctuating appetite, loss of interest in life, subjectively experienced depression, social withdrawal and frequent suicidal ideation" (TR. 239). Dr. Green also found that Plaintiff "would be considered to be a rather high risk for acting out suicidal impulses"; and that he should be "referred for psychiatric treatment immediately" (TR. 239). Dr. Green's diagnostic impression was of "Major Depression, recurrent; Pain Disorder associated with psychological factors and general medical condition" (TR. 239).

On appeal Plaintiff has made several assertions of error---most of which stem from the Commissioner's failure to acknowledge at step two that Plaintiff has a severe mental impairment.

Step two of the Sequential Evaluation Process, is governed by the Secretary's "severity regulation." *Bowen v. Yuckert*, 482 U.S. 137,140-41 (1987); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988). The "severity regulation" provides that:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, [the Secretary] will find that you do not have a severe impairment and are, therefore, not disabled. [The Secretary] will not consider your age, education, and work experience.

20 C.F.R. § 404.1520(c). Pursuant to this regulation, claimant must make a "threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities." *Williams*, 844 F.2d at 751. This threshold determination is to be based on medical factors alone. Vocational factors, such as age, education, and work experience, are not to be considered. *Bowen*, 482 U.S. at 153; *Williams*, 844 F.2d at 750.

The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1520(b). These abilities and aptitudes include the following:

> (1)  Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
>
> (2)  Capacities for seeing, hearing, and speaking;
>
> (3)  Understanding, carrying out, and remembering simple instructions;
>
> (4)  Use of Judgment;
>
> (5)  Responding appropriately to supervision, co-workers and usual work situations; and
>
> (6)  Dealing with changes in a routine setting.

20 C.F.R. § 404.1521(b).

Plaintiff's burden on the severity issue is *de minimis*. *Williams*, 844 F.2d at 751. As the United States Supreme Court explains, the Secretary's severity regulation

> increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical

> impairments are **so slight** that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account.

*Bowen*, 482 U.S. at 153 (emphasis added).  The Secretary's own regulations state that

> [g]reat care should be exercised in applying the not severe impairment concept.  If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step.  Rather, it should be continued.

Social Security Ruling 85-28 (1985).  In other words, step two "is an administrative convenience [used] to screen out claims that are 'totally groundless' solely from a medical standpoint." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam) (quoting *Farris v. Secretary of HHS*, 773 F.2d 85, 89 n. 1 (6th Cir. 1985)).

      The record contains medical evidence of Plaintiff's depression, its treatment, and its impact on Plaintiff's ability to do basic work activities as discussed elsewhere in this opinion. The Commissioner has found Plaintiff disabled at step three as a result of his mental impairment as of July 3, 1996, but nevertheless denies that it even rises to the level of a severe impairment at any time prior to that date.  The Commissioner's position is untenable. Thus, it is apparent that the ALJ erred in not finding at step two that Plaintiff's mental impairment was severe and further erred in not considering Plaintiff's mental impairment in determining his RFC. The ALJ's finding at step two taints the RFC determination and the balance of the sequential evaluation, therefore, Plaintiff's remaining assertions of error will not be addressed in the report and recommendation.  However, on remand, the ALJ should consider Plaintiff's severe mental impairment in formulating his RFC and in completing steps four and five of the sequential evaluation process.

## RECOMMENDATION

      Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned

magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 18th day of December, 2006.

*[signature]*
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE